UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11855-RGS

|  |  |
|---|---|
| JAMES P. SPHEEKAS and<br>LAURIE A. SPHEEKAS<br>    Plaintiffs,<br>v.<br>WASHINGTON MUTUAL BANK, F.A.<br>and WASHINGTON MUTUAL, INC.<br>    Defendants. | )<br>)<br>)<br>)<br>)  **NOTICE OF REMOVAL**<br>)<br>)<br>)<br>)<br>) |

To:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

1. Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Washington Mutual Bank, F.A., and Washington Mutual, Inc., ("Washington Mutual") file this Notice of Removal in connection with the above-entitled action and set out below the grounds for this Notice of Removal.

2. This action was filed by the plaintiffs, James P. Spheekas and Laurie A. Spheekas (collectively the "Plaintiffs") on or about May 11, 2004 in the Superior Court Department, Lawrence Division, Essex County, Commonwealth of Massachusetts. Plaintiff served a summons and copy of the Complaint on Washington Mutual on or about August 4, 2004.

3. In its Complaint, Plaintiffs assert claims against Washington Mutual purportedly based on violations of the Fair Credit Reporting Act, 12 U.S.C. § 1681 et seq., The Truth In Lending Act, 15 U.S.C. 1601 et seq. and its implementing regulations at 12 C.F.R. Part 226, and the Real Estate Settlement Practices Act of 1974, 12 U.S.C. § 2601-2617.

4.  Because Plaintiffs have asserted federal claims against Washington Mutual based on alleged violations of Federal statutes, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1441.

5.  This Notice of Removal is filed with the Court on a timely basis under 28 U.S.C. § 1446(b).

6.  Promptly after filing this Notice of Removal, Washington Mutual will give written notice hereof to all adverse parties and will file a copy hereof with the State Court.

7.  A copy of all process, pleadings and orders served upon Washington Mutual to date is attached hereto as Exhibit A.

WASHINGTON MUTUAL BANK, F.A.
and WASHINGTON MUTUAL, INC.
By its attorneys,

_____
Donn A. Randall, BBO #631590
BULKLEY, RICHARDSON AND GELINAS, LLP
One Post Office Square, Suite 3700
Boston, MA 02109
Tel: 617-368-2500

Dated: August 23, 2004

## CERTIFICATE OF SERVICE

I, Donn A. Randall, hereby certify that a true and accurate copy of the above document was served upon all counsel of record by first class mail, postage prepaid, on August 23, 2004.

_____
Donn A. Randall

**A**

# COMMONWEALTH OF MASSACHUSETTS
## The Trial Court
### Superior Court Department

No ES CV2004-00891-D

Essex, ss.

James Spheekas and Laurie Spheekas
Plaintiffs

v.

Washington Mutual Bank, FA and
Washington Mutual, Inc.,
Defendants

## Affidavit of Service

Now comes William F. Smith, attorney for the plaintiffs in the above-captioned action and states on his oath:

1. I have served a copy of the Tracking Order of the court in the above referenced action by mailing by certified United States Express Mail no ED 286790476 US; certified no. 7003 1010 0001 1312 5942 upon Fay Chapman, Executive Vice President and General Counsel to the defendants.

2. Service of process in this matter was made by service upon the Secretary of the Commonwealth as the records of the secretary, examined by me, show no resident agent for the service of process within the Commonweath for the named defendants.

Signed under the pains and penalties of perjury this 7th day of August, 2004.

/s/ William F. Smith
William F. Smith

Aug-19-04 09:46    From-WAMU LEGAL DEPARTMENT    T-517  P.07/17  F-890

County of Essex
The Superior Court

CIVIL DOCKET# ESCV2004-00891-D


RECEIVED
AUG 1 2 2004
LEGAL DEPARTMENT
SEATTLE LITIGATION

RE: Spheekas et al v Washington Mutual Bank FA et al

TO: William F Smith, Esquire
166 Kenoza Avenue
Haverhill, MA 01830

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 08/10/2004 |
| Response to the complaint filed (also see MRCP 12) | 10/09/2004 |
| All motions under MRCP 12, 19, and 20 filed | 10/09/2004 |
| All motions under MRCP 15 filed | 10/09/2004 |
| All discovery requests and depositions completed | 03/08/2005 |
| All motions under MRCP 56 served and heard | 04/07/2005 |
| Final pre-trial conference held and firm trial date set | 05/07/2005 |
| Case disposed | 07/06/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session D sitting in CtRm 2 (Lawrence) at Essex Superior Court.

Dated: 05/12/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Edward D. Sullivan
Assistant Clerk

Location: CtRm 2 (Lawrence)
Telephone: (978) 687-7463

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtract_2.wpd 472875 inidoc01 sullkell

# CIVIL ACTION COVER SHEET

04-841-D

| | | Superior Court Department |
|---|---|---|
| | | County: _____ |

**DEFENDANT(S)**
Washington Mutual Bank FA
Washington Mutual Inc.

**PLAINTIFF(S)**
James P. Spheekas and Laurie A. Speekas

**ATTORNEY** (if known)

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
William F. Smith
166 Kenoza Ave. Haverhill, MA 978-373-1290

Board of Bar Overseers number: 645188

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Mortgage Note | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................... $ ........
2. Total Doctor expenses ............................ $ ........
3. Total chiropractic expenses ...................... $ ........
4. Total physical therapy expenses .................. $ ........
5. Total other expenses (describe) .................. $ ........
   Subtotal $ ........
B. Documented lost wages and compensation to date ....... $ ........
C. Documented property damages to date .................. $ ........
D. Reasonably anticipated future medical and hospital expenses ... $ ........
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe)
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
$ ........
TOTAL $ ........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
defendants failed to properly credit plaintiffs' mortgage payments, misapplied funds, failed to provide statements or explain charges and, in so doing, m engaged in unfair and deceptive acts in violation of law

TOTAL $. 42,157...

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 5/11/20__

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

Aug-19-04  09:46   From-WAMU LEGAL DEPARTMENT   +818-349-2784   T-517   P.09/17   F-890

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### SUPERIOR COURT DEPARTMENT

Essex, ss.

Lawrence Division
No. 04-891-D

RECEIVED
AUG 1 2 2004
LEGAL DEPARTMENT
SEATTLE LITIGATION

James P. Spheekas and Laurie A. Spheekas, plaintiffs

v.

Washington Mutual Bank, F.A. and Washington Mutual, Inc., defendants

## Complaint and Jury Demand

**Parties**

1. James P. Spheekas is a natural person and at all times relevant and material was a resident of 6 Srybny Street, Haverhill, Massachusetts.

2. Laurie A. Spheekas is a natural person and at all times relevant and material was a resident of 6 Srybny Street, Haverhill, Massachusetts.

3. The plaintiff James P. Spheekas and the plaintiff Laurie A. Spheekas are husband and wife

4. Washington Mutual Inc. is a Washington corporation with a principal place of business at 1201 Third Avenue, Seattle, Washington.

5. Washington Mutual Bank, F.A. is a federally chartered banking institution with a place of business at 1201 Third Avenue, Seattle, Washington

6. Washington Mutual Bank, F.A. is commonly controlled by Washington Mutual, Inc. with Washington Mutual Bank, a Washington-chartered banking institution and Washington Mutual Bank fsb, a federally-chartered banking institution.

7. On information and belief, Washington Mutual, Inc. and its subsidiaries, affiliates, employees and agents perform services for the defendant Washington Mutual FA with respect to the servicing, administration, collection and general superintendence of loans made by the defendant Washington Mutual, FA.

**Facts Common to all counts**

8. At all times material and relevant, plaintiffs owned real estate located at 6 Srybny Avenue in Haverhill Massachusetts as husband and wife in fee simple absolute as tenants by the entirety.

9. At all times material and relevant, plaintiffs occupied the premises at 6 Srybny Avenue, Haverhill, Massachusetts.

10. On or about July 20, 1999, plaintiffs executed documents for a mortgage loan with the defendant Washington Mutual Bank.

11. In so executing the documents for a mortgage loan, plaintiffs signed a note in the amount of $156,000 with Washington Mutual Bank.

12. In so executing the documents for a mortgage loan, plaintiffs signed and executed a standard form Massachusetts real property mortgage, pledging their interest in 6 Syrbny Avenue, Haverhill as security for the loan.

13. The mortgage loan secured by plaintiff's interest in 6 Srybny Avenue was a residential real estate loan.

14. Residential real estate loans are subject to the provisions of the federal Truth in Lending Act, 15 U.S.C. §1601 et seq.

15. Residential real estate loans are subject to the provisions of Federal Reserve Board Regulation Z, 12 C.F.R. part 226

16. Residential real estate loans are subject to the provisions of the federal Real Estate Settlement Procedures Act of 1974 ("RESPA") 12 U.S.C. § 2601-2617

17. As a condition of the mortgage loan, plaintiffs were required to obtain hazard insurance on the mortgaged premises.

18. Plaintiffs were requested, in December, 2000, to provide proof of hazard insurance.

19. Plaintiffs provided the proof of hazard insurance requested by defendants by facsimile and by United States mail

20. Defendants acknowledged, on February 4, 2001, the proof of hazard insurance provided by plaintiffs.

21. At the time the residential mortgage loan was made, an escrow account was established and plaintiffs were assessed, in addition to principal and interest payments, a sum due on a monthly basis for property tax payments.

22. Defendants did not require plaintiffs to make monthly payments to the escrow account to pay for hazard insurance

23. Defendants created an escrow account, or modified an existing escrow account, in April 2001 for the purpose of placing funds for payment of hazard insurance.

24. Despite plaintiffs having provided proof of hazard insurance, in or about April of 2001, defendants obtained a policy of insurance for the mortgaged premises and began to place certain of the plaintiff's payments in an escrow account established for the purpose of paying for the hazard insurance it had purchased.

25. A representative of the defendant informed James P. Spheekas that the terms of his note allowed an escrow account to be established when a payment was late.

26. The plaintiff's note contained no such escrow account provision.

27. In the months of August, 2001 through and including November, 2001, the plaintiffs arranged with Fleet Bank in Massachusetts for payment by electronic funds transfer to defendants.

28. Defendants failed to credit these electronic funds transfers to the plaintiffs' account in a timely manner.

29. Defendants failed and refused to credit September 2001 payment.

30. On numerous occasions, plaintiffs communicated questions about the status of their account by telephone, voice mail message, facsimile, and letter but received no response. One or more of these communications was a Qualified Written Request as that term is used in the RESPA statute.

31. In December, 2001, the plaintiffs made a payment of $1,500 which payment defendants applied solely to the escrow account it had established.

32. On or about January 28, 2002, plaintiffs tendered payment, but payment was refused.

33. On or about January 28, 2002, plaintiffs were informed by employees of the defendants that their account was "in foreclosure."

34. The term "in foreclosure" was not explained to the plaintiffs. Plaintiffs then contacted a Massachusetts law firm retained by the defendants and explained the status of his account as it was known to him.

35. The Massachusetts law firm retained by the defendants was Harmon Law Office, Newton, Massachusetts.

36. Attorneys at the Harmon Law Office were unable to respond to the plaintiffs' inquiries and referred the matter to the defendants at its offices.

37. At the time that the January 28, 2002 payment was refused, defendants had failed and refused to properly credit a payment in the amount of $1,468.39 made during September 2001.

38. In February, 2002, defendants purchased hazard insurance for plaintiffs' property, despite having notice that plaintiffs had obtain hazard insurance.

39. Plaintiffs repeatedly attempted to bring the existence of a policy of insurance to the attention of the defendants, but repeated telephone calls, facsimiles, and voice messages were not answered or acknowledged.

40. On information and belief, in April of 2002 plaintiffs' funds were applied to purchase a policy of insurance from Cal Farm insurance, despite having previously placed hazard insurance on the plaintiff's property with another insurer.

41. Plaintiffs have never had notice of the payments to Cal Farm insurance, and have never received any notice of a policy in place with Cal Farm insurance.

42. Simultaneous with the payments to Cal Farm insurance and the placement of insurance with another carrier, defendants disbursed plaintiffs funds to Travelers Insurance, with which insurer plaintiffs had obtained a policy of insurance.

43. In June, 2002, defendants supplied to defendants a document titled "Universal Data Form" which form stated that adverse credit information with respect to foreclosure would be stricken and removed from the defendant's credit reports with credit reporting agencies identified as CCA, EQUIFAX, EXPERIAN and TU.

44. Plaintiffs later applied for credit for other matters and discovered that the adverse credit information was not corrected with credit reporting agencies.

45. As a result of adverse credit information that was not removed from credit reporting agency files, plaintiffs were made to suffer adverse credit decisions, including denial of credit and higher interest rates than would have been obtained had defendants not falsely reported adverse information to credit reporting agencies and failed to correct inaccurate adverse information.

46. On multiple occasions, defendant responded to letters of inquiry from plaintiff's counsel stating that no adverse credit information would be reported to credit reporting agencies

47. Plaintiffs discovered, when applying for an automobile loan in January, 2004, that adverse credit reporting had continued despite the promise of the defendants to cease reporting adverse credit information while an investigation of the proceedings continued.

48. In February, 2003, one employee of the defendant suggested that plaintiffs seek redress of their complaints by contacting the Homeowners Assistance department of the defendant.

49. On or about February 18, 2003 Plaintiff prepared a detailed letter explaining the situation and sent it to the attention of the Homeowners Assistance department of the defendant. Plaintiff also provided a complete financial disclosure to the defendants.

50. Plaintiffs received no response to his submission and inquiry to the Homeowners Assistance department.

51. On information and belief, the matter was handled by an employee named Julie Henderson. Repeated messages were left for Julie Henderson but no response was received.

52. An employee of the defendant, or certain of it subsidiaries or operating companies, Frank Gonzalez, ("Gonzalez") acknowledged by letter to plaintiffs in June, 2002 that plaintiff's payments had been misapplied by the defendants.

53. Plaintiffs made repeated efforts to resolve the issues on their account, but the defendants failed and refused to respond as provided by the RESPA.

54. On multiple and diverse occasions plaintiffs payments were refused by the defendant, falsely and unlawfully credited to an escrow account.

55. On multiple and diverse occasions, defendants have failed to credit payments may by the plaintiffs and have misapplied, misused and unlawfully diverted funds paid by the plaintiffs.

56. On multiple and diverse occasions, funds have been electronically transferred from plaintiff's bank accounts but not applied to their mortgage loan account

57. On multiple and diverse occasions, the defendants have failed to provide plaintiffs with a statement of their escrow account charges and balances as required by RESPA.

58. On October 19, 2003, plaintiffs were informed that insurance that had been placed by the defendants on January 18, 2002, had been canceled and the amount charged to defendant's account had been reversed.

59. Defendants have not explained the meaning of reversing the amount charged to defendant's account

60. Plaintiffs did not receive statements of their account with defendant during the calendar year 2003.

61. Plaintiff's never received an accounting for the status of the "reverse" on the amount previously charged for force-placed insurance.

62. On March 23, 2004, defendants received a document from plaintiff's counsel, which document was mailed by United States Express mail.

63. The defendants made reports to credit reporting agencies on the status of the plaintiff's accounts

64. The defendants reported adverse credit information to credit reporting agencies on the status of the plaintiff's accounts.

65. Defendants knew, or should have known, that the adverse credit information reported to credit reporting agencies was materially false and damaging to the plaintiffs

66. Defendants acted with reckless disregard for the facts of the matter when making reports of adverse credit information to credit reporting agencies.

67. The document received by defendants on March 23, 2004 was a notice given pursuant to Massachusetts Gen. L. C. 93A ("93A letter")

68. The 93A letter included a demand for relief in the sum of $40,000.

69. By April 24, 2004, defendants had failed to acknowledge plaintiff's 93A letter.

70. By April 24, 2004, defendants had failed to respond to plaintiff's 93A letter.

71. By April 24, 2004, defendants had failed to request additional time to respond to plaintiff's 93A letter.

### Count I. Libel

72. Plaintiffs incorporate and reallege paragraphs 1 to 71 as if fully set forth herein.

73. By making false reports to a credit reporting agency about the defendant's experience with granting credit to the plaintiffs, the plaintiffs were unable to secure additional credit on terms compatible with their true credit history

74. Defendants knew or should have known that the information being reported was false

75. As a result of defendant's actions, plaintiffs were made to pay higher interest rates on borrowing

76. As a result of defendant's actions, plaintiffs' child was unable to secure a student loan, the repayment of which would be deferred until after the child's graduation from college. As a direct result, plaintiffs incurred out of pocket costs of $12,500 for educational expenses and obtained a personal loan in the amount of $5,000 to pay such expenses, which loan has been repaid at the rate of $158 per month commencing in January, 2003, resulting in cost to plaintiffs of $2,528.

77. As a result of defendants' actions, plaintiffs' credit card interest rates have increased from 9.9 percent to 19.9 percent, resulting in an additional interest expense of $440.

78. As a result of defendants actions, plaintiffs have been unable to secure refinancing of their home at an interest more favorable than the seven-point-seven-five (7.75) percent rate presently paid by the plaintiffs.

79. On information and belief, plaintiffs calculate that had they been able to qualify as credit-worthy for a loan at an interest rate of five and one-half (5.5) percent, their mortgage repayment would have been reduced by $9,600

80. This count is for libel and slander in the reporting of false information to credit reporting agencies.

### Count II Violation of the covenant of the covenant of good faith and fair dealing.

81. Plaintiffs incorporate and re-allege paragraphs 1 to 79 as if fully set forth herein.

82. Plaintiffs' contract with the defendants included an implied covenant of good faith and fair dealing.

83. By failing to properly credit payments made in accordance with the plaintiffs' note, defendants have caused the plaintiffs to lose applicable mortgage interest deductions from their United States income taxes for the years 2001, 2002 and 2003.

84. On information and belief, the loss of mortgage interest deductions have caused the plaintiffs to incur a federal income tax liability $7,950 higher than had their payments been properly credited and applied.

85. By its conduct, the Defendants have willfully violated the covenant of good faith and fair dealing

86. Plaintiffs are entitled to damages on this count.

### Count III Breach of contract

87. Plaintiffs incorporate and re-allege paragraphs 1-86 as if fully set forth herein

88. By failing to properly credit payments made in accordance with plaintiff's note, defendants have breached the contract formed thereby between it and the plaintiffs.

89. This count is for breach of contract

90. As a result of the acts of the defendants, on information and belief the plaintiffs have incurred an additional daily interest charge on their home mortgage loan, an amount plaintiffs estimate to be $9,240.

91. Plaintiffs are entitled to damages on this count

### Count IV Violation of Consumer Protection Statute

92. Plaintiffs incorporate and re-allege paragraphs 1-91 as if fully set forth herein

93. On March 23, 2004, defendants received, by United States Express Mail a written demand, in accordance with Mass. Gen. L. Chapter 93A and signed a receipt therefore.

94. No response to plaintiffs demand was received by the plaintiffs within the thirty day period specified in Mass. Gen. L. Chapter 93A s. 9

95. Through its acts, defendants violated the federal Truth in Lending Act

96. Violation of the Truth in Lending Act is an unfair and deceptive practice as defined in Mass. Gen. L. c. 93A

97. Through its acts, defendants violated the federal Fair Credit Act

98. Violation of the Fair Credit Act is an unfair and deceptive practice as defined in Mass. Gen. L. c. 93A

99. Through its acts, defendants violated the Real Estate Settlement Practices Act

100. Violation of the Real Estate Settlement Practices Act is an unfair and deceptive practice as defined in Mass. Gen. L. c. 93A.

101. By its breach of contract, defendants engaged in an unfair and deceptive practice as defined in Mass. Gen. L. c. 93A

102. By its violation of the covenant of good faith and fair dealing, defendants engaged in unfair and deceptive practices as defined in Mass. Gen. L. c. 93A

103. For its violations of Mass. Gen. L. c. 93A, defendants are liable to plaintiffs for treble damages plus attorneys fees

WHEREFORE your petitioners pray

2. For judgment against defendant
3. For damages in the amount of $24,968 for Count I hereof
4. For damages in the amount of $7,950 for Count II hereof
5. For damages in the amount of $9,240 for Count III hereof
6. For such other damages in an amount to be determined by this court
7. For multiple damages as provided by Mass. Gen. L. c. 93A
8. For attorneys fees and the costs of this action
9. That this court permanently enjoin the defendants from the unfair and deceptive acts complained of
10. For such other and further relief as this court may deem just and proper

**Jury demand**

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
James P. Spheekas
Laurie A. Spheekas

By their attorney,
William F. Smith
166 Kenoza Avenue
Haverhill, MA 01830
978-373-1290
BBO # 645188

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) __James P. Spheekas, et al v. Washington Mutual Bank, F.A. and Washington Mutual, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☒ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)   YES ☐  NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?   YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?   YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).   YES ☒  NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Donn A. Randall__
ADDRESS __Bulkley, Richardson & Gelinas, LLP, One PO Sq., Ste 3700, Boston, MA 02109__
TELEPHONE NO. __617-368-2500__

(Coversheetlocal.wpd - 10/17/02)

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
James P. Spheekas
Laurie A. Spheekas

(b) County of Residence of First Listed Plaintiff __Essex__
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
William F. Smith    978-373-1290
166 Kenoza Avenue
Haverhill, MA 01830

### DEFENDANTS
Washington Mutual Bank, F.A.
Washington Mutual, Inc.

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)    617-368-2500
Donn A. Randall, Esq.
Bulkley, Richardson & Gelinas, LLP
One PO Sq., Boston, MA 02109

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☒ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | |
| | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | ☐ 555 Prison Condition | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Fair Credit Reporting Act, 12 U.S.C. sec. 1681 et seq. (12 U.S.C. sec. 2601-2617) Truth In Lending Act, 15 U.S.C. 1601 et seq and Real Estate Settlement Practice Act of 1974

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 42,157

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____