

**BULKLEY, RICHARDSON AND GELINAS, LLP**

LAW OFFICES
ONE POST OFFICE SQUARE
SUITE 3700
BOSTON, MA 02109

TEL: (617) 368-2500
FAX: (617) 368-2525

DONN A. RANDALL
DIRECT DIAL (617) 368-2520
DRANDALL@BULKLEY.COM

September 9, 2004

**_VIA FIRST CLASS MAIL_**

Clerk, Civil Business
UNITED STATES DISTRICT COURT
One Courthouse Way
Boston, Massachusetts 02210

      RE:    Spheekas, et al v. Washington Mutual Bank, F.A., et al
              <u>USDC Docket No. 04-11855 RCS</u>

Dear Sir or Madam:

        Please find enclosed copies of the documents on file certified by the Lawrence Division of the Essex Superior Court for filing in the above-captioned case.

        Thank you for your attention to this matter.

                        Very truly yours,

                        Jeanne M. Waters,
                        Assistant to Donn A. Randall

/jw
Enclosures
cc:    Amy Morse, Esq.

278280.1

4

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-891D

James P. Spheekas and Laurie A. Spheekas, Plaintiff(s)

v.

Washington Mutual Bank, FA and
Washington Mutual, Inc., Defendant(s)

## SUMMONS

To the above named Defendant: Washington Mutual Bank, FA

You are hereby summoned and required to serve upon William F. Smith, plaintiff's attorney, whose address is 166 Kenoza Ave. Haverhill, MA 01830, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Lawrence Superior Court 43 Appleton Way, Lawrence, MA 01840 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

A TRUE COPY, ATTEST
Paula T. Melnick
DEPUTY ASS'T. CLERK

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 30 day of July, in the year of our Lord two thousand

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX
AUG - 9 2004
Thomas H. Driscoll Jr.
CLERK

Thomas H. Driscoll Jr.
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### SUPERIOR COURT DEPARTMENT

Essex, ss.

Lawrence Division
No. 04 - 891 D

James P. Spheekas and  Laurie A. Spheekas, plaintiffs

v.

Washington Mutual Bank, F.A. and Washington Mutual, Inc., defendants

## Complaint and Jury Demand

**Parties**

1.  James P. Spheekas is a natural person and at all times relevant and material was a resident of 6 Srybny Street, Haverhill, Massachusetts.

2.  Laurie A. Spheekas is a natural person and at all times relevant and material was a resident of 6 Srybny Street, Haverhill, Massachusetts.

3.  The plaintiff James P. Spheekas and the plaintiff Laurie A. Spheekas are husband and wife

4.  Washington Mutual Inc. is a Washington corporation with a principal place of business at 1201 Third Avenue, Seattle, Washington.

5.  Washington Mutual Bank, F.A. is a federally chartered banking institution with a place of business at 1201 Third Avenue, Seattle, Washington

6.  Washington Mutual Bank, F.A. is commonly controlled by Washington Mutual, Inc. with Washington Mutual Bank, a Washington-chartered banking institution and Washington Mutual Bank fsb, a federally-chartered banking institution.

7.  On information and belief, Washington Mutual, Inc. and its subsidiaries, affiliates, employees and agents perform services for the defendant Washington Mutual FA with respect to the servicing, administration, collection and general superintendence of loans made by the defendant Washington Mutual, FA.

**Facts Common to all counts**

8.  At all times material and relevant, plaintiffs owned real estate located at 6 Srybny Avenue in Haverhill Massachusetts as husband and wife in fee simple absolute as tenants by the entirety.

9.  At all times material and relevant, plaintiffs occupied the premises at 6 Srybny Avenue, Haverhill, Massachusetts.

A TRUE COPY, ATTEST
Paula T. Melinda
DEPUTY ASS'T. CLERK

10. On or about July 20, 1999, plaintiffs executed documents for a mortgage loan with the defendant Washington Mutual Bank.

11. In so executing the documents for a mortgage loan, plaintiffs signed a note in the amount of $156,000 with Washington Mutual Bank.

12. In so executing the documents for a mortgage loan, plaintiffs signed and executed a standard form Massachusetts real property mortgage, pledging their interest in 6 Syrbny Avenue, Haverhill as security for the loan.

13. The mortgage loan secured by plaintiff's interest in 6 Srybny Avenue was a residential real estate loan.

14. Residential real estate loans are subject to the provisions of the federal Truth in Lending Act, 15 U.S.C. §1601 et seq.

15. Residential real estate loans are subject to the provisions of  Federal Reserve Board Regulation Z, 12 C.F.R. part 226

16. Residential real estate loans are subject to the provisions of the federal Real Estate Settlement Procedures Act of 1974 ("RESPA") 12 U.S.C. § 2601-2617

17. As a condition of the mortgage loan, plaintiffs were required to obtain hazard insurance on the mortgaged premises.

18. Plaintiffs were requested, in December, 2000, to provide proof of hazard insurance.

19. Plaintiffs provided the proof of hazard insurance requested by defendants by facsimile and by United States mail

20. Defendants acknowledged, on February 4, 2001, the proof of hazard insurance provided by plaintiffs.

21. At the time the residential mortgage loan was made, an escrow account was established and plaintiffs were assessed, in addition to principal and interest payments, a sum due on a monthly basis for property tax payments.

22. Defendants did not require plaintiffs to make monthly payments to the escrow account to pay for hazard insurance

23. Defendants created an escrow account, or modified an existing escrow account, in April 2001 for the purpose of placing funds for payment of hazard insurance.

24. Despite plaintiffs having provided proof of hazard insurance, in or about April of 2001, defendants obtained a policy of insurance for the mortgaged premises and began to place certain of the plaintiff's payments in an escrow account established for the purpose of paying for the hazard insurance it had purchased.

25. A representative of the defendant informed James P. Spheekas that the terms of his note allowed an escrow account to be established when a payment was late.

26. The plaintiff's note contained no such escrow account provision.

27. In the months of August, 2001 through and including November, 2001, the plaintiffs arranged with Fleet Bank in Massachusetts for payment by electronic funds transfer to defendants.

28. Defendants failed to credit these electronic funds transfers to the plaintiffs' account in a timely manner.

29. Defendants failed and refused to credit September 2001 payment.

30. On numerous occasions, plaintiffs communicated questions about the status of their account by telephone, voice mail message, facsimile, and letter but received no response. One or more of these communications was a Qualified Written Request as that term is used in the RESPA statute.

31. In December, 2001, the plaintiffs made a payment of $1,500 which payment defendants applied solely to the escrow account it had established.

32. On or about January 28, 2002, plaintiffs tendered payment, but payment was refused.

33. On or about January 28, 2002, plaintiffs were informed by employees of the defendants that their account was "in foreclosure."

34. The term "in foreclosure" was not explained to the plaintiffs. Plaintiffs then contacted a Massachusetts law firm retained by the defendants and explained the status of his account as it was known to him.

35. The Massachusetts law firm retained by the defendants was Harmon Law Office, Newton, Massachusetts.

36. Attorneys at the Harmon Law Office were unable to respond to the plaintiffs' inquiries and referred the matter to the defendants at its offices.

37. At the time that the January 28, 2002 payment was refused, defendants had failed and refused to properly credit a payment in the amount of $1,468.39 made during September 2001.

38. In February, 2002, defendants purchased hazard insurance for plaintiffs' property, despite having notice that plaintiffs had obtain hazard insurance.

39. Plaintiffs repeatedly attempted to bring the existence of a policy of insurance to the attention of the defendants, but repeated telephone calls, facsimiles, and voice messages were not answered or acknowledged.

40. On information and belief, in April of 2002 plaintiffs' funds were applied to purchase a policy of insurance from Cal Farm insurance, despite having previously placed hazard insurance on the plaintiff's property with another insurer.

41. Plaintiffs have never had notice of the payments to Cal Farm insurance, and have never received any notice of a policy in place with Cal Farm insurance.

42. Simultaneous with the payments to Cal Farm insurance and the placement of insurance with another carrier, defendants disbursed plaintiffs funds to Travelers Insurance, with which insurer plaintiffs had obtained a policy of insurance.

43. In June, 2002, defendants supplied to defendants a document titled "Universal Data Form" which form stated that adverse credit information with respect to foreclosure would be stricken and removed from the defendant's credit reports with credit reporting agencies identified as CCA, EQUIFAX, EXPERIAN and TU.

44. Plaintiffs later applied for credit for other matters and discovered that the adverse credit information was not corrected with credit reporting agencies.

45. As a result of adverse credit information that was not removed from credit reporting agency files, plaintiffs were made to suffer adverse credit decisions, including denial of credit and higher interest rates than would have been obtained had defendants not falsely reported adverse information to credit reporting agencies and failed to correct inaccurate adverse information.

46. On multiple occasions, defendant responded to letters of inquiry from plaintiff's counsel stating that no adverse credit information would be reported to credit reporting agencies

47. Plaintiffs discovered, when applying for an automobile loan in January, 2004, that adverse credit reporting had continued despite the promise of the defendants to cease reporting adverse credit information while an investigation of the proceedings continued.

48. In February, 2003, one employee of the defendant suggested that plaintiffs seek redress of their complaints by contacting the Homeowners Assistance department of the defendant.

49. On or about February 18, 2003 Plaintiff prepared a detailed letter explaining the situation and sent it to the attention of the Homeowners Assistance department of the defendant. Plaintiff also provided a complete financial disclosure to the defendants.

50. Plaintiffs received no response to his submission and inquiry to the Homeowners Assistance department.

51. On information and belief, the matter was handled by an employee named Julie Henderson. Repeated messages were left for Julie Henderson but no response was received.

52. An employee of the defendant, or certain of it subsidiaries or operating companies, Frank Gonzalez, ("Gonzalez") acknowledged by letter to plaintiffs in June, 2002 that plaintiff's payments had been misapplied by the defendants.

53. Plaintiffs made repeated efforts to resolve the issues on their account, but the defendants failed and refused to respond as provided by the RESPA.

54. On multiple and diverse occasions plaintiffs payments were refused by the defendant, falsely and unlawfully credited to an escrow account.

55. On multiple and diverse occasions, defendants have failed to credit payments may by the plaintiffs and have misapplied, misused and unlawfully diverted funds paid by the plaintiffs.

56. On multiple and diverse occasions, funds have been electronically transferred from plaintiff's bank accounts but not applied to their mortgage loan account

57. On multiple and diverse occasions, the defendants have failed to provide plaintiffs with a statement of their escrow account charges and balances as required by RESPA.

58. On October 19, 2003, plaintiffs were informed that insurance that had been placed by the defendants on January 18, 2002, had been canceled and the amount charged to defendant's account had been reversed.

59. Defendants have not explained the meaning of reversing the amount charged to defendant's account

60. Plaintiffs did not receive statements of their account with defendant during the calendar year 2003.

61. Plaintiff's never received an accounting for the status of the "reverse" on the amount previously charged for force-placed insurance.

62. On March 23, 2004, defendants received a document from plaintiff's counsel, which document was mailed by United States Express mail.

63. The defendants made reports to credit reporting agencies on the status of the plaintiff's accounts

64. The defendants reported adverse credit information to credit reporting agencies on the status of the plaintiff's accounts.

65. Defendants knew, or should have known, that the adverse credit information reported to credit reporting agencies was materially false and damaging to the plaintiffs

66. Defendants acted with reckless disregard for the facts of the matter when making reports of adverse credit information to credit reporting agencies.

67. The document received by defendants on March 23, 2004 was a notice given pursuant to Massachusetts Gen. L. C. 93A ("93A letter")

68. The 93A letter included a demand for relief in the sum of $40,000.

69. By April 24, 2004, defendants had failed to acknowledge plaintiff's 93A letter.

70. By April 24, 2004, defendants had failed to respond to plaintiff's 93A letter.

71. By April 24, 2004, defendants had failed to request additional time to respond to plaintiff's 93A letter.

**Count 1. Libel**

72. Plaintiffs incorporate and reallege paragraphs 1 to 71 as if fully set forth herein.

73. By making false reports to a credit reporting agency about the defendant's experience with granting credit to the plaintiffs, the plaintiffs were unable to secure additional credit on terms compatible with their true credit history

74. Defendants knew or should have known that the information being reported was false

75. As a result of defendant's actions, plaintiffs were made to pay higher interest rates on borrowing

76. As a result of defendant's actions, plaintiffs' child was unable to secure a student loan, the repayment of which would be deferred until after the child's graduation from college. As a direct result, plaintiffs incurred out of pocket costs of $12,500 for educational expenses and obtained a personal loan in the amount of $5,000 to pay such expenses, which loan has been repaid at the rate of $158 per month commencing in January, 2003, resulting in cost to plaintiffs of $2,528.

77. As a result of defendants' actions, plaintiffs' credit card interest rates have increased from 9.9 percent to 19.9 percent, resulting in an additional interest expense of $440.

78. As a result of defendants actions, plaintiffs have been unable to secure refinancing of their home at an interest more favorable than the seven-point-seven-five (7.75) percent rate presently paid by the plaintiffs.

79. On information and belief, plaintiffs calculate that had they been able to qualify as credit-worthy for a loan at an interest rate of five and one-half (5.5) percent, their mortgage repayment would have been reduced by $9,600

80. This count is for libel and slander in the reporting of false information to credit reporting agencies.

**Count II Violation of the covenant of the covenant of good faith and fair dealing.**

81. Plaintiffs incorporate and re-allege paragraphs 1 to 79 as if fully set forth herein.

82. Plaintiffs' contract with the defendants included an implied covenant of good faith and fair dealing.

83. By failing to properly credit payments made in accordance with the plaintiffs' note, defendants have caused the plaintiffs to lose applicable mortgage interest deductions from their United States income taxes for the years 2001,. 2002 and 2003.

84. On information and belief, the loss of mortgage interest deductions have caused the plaintiffs to incur a federal income tax liability $7,950 higher than had their payments been properly credited and applied.

85. By its conduct, the Defendants have willfully violated the covenant of good faith and fair dealing

86. Plaintiffs are entitled to damages on this count.

## Count III Breach of contract

87. Plaintiffs incorporate and re-allege paragraphs 1-86 as if fully set forth herein

88. By failing to properly credit payments made in accordance with plaintiff's note, defendants have breached the contract formed thereby between it and the plaintiffs.

89. This count is for breach of contract

90. As a result of the acts of the defendants, on information and belief the plaintiffs have incurred an additional daily interest charge on their home mortgage loan, an amount plaintiffs estimate to be $9,240.

91. Plaintiffs are entitled to damages on this count

## Count IV Violation of Consumer Protection Statute

92. Plaintiffs incorporate and re-allege paragraphs 1-91 as if fully set forth herein

93. On March 23, 2004, defendants received, by United States Express Mail a written demand, in accordance with Mass. Gen. L. Chapter 93A and signed a receipt therefore.

94. No response to plaintiffs demand was received by the plaintiffs within the thirty day period specified in Mass. Gen. L. Chapter 93A s. 9

95. Through its acts, defendants violated the federal Truth in Lending Act

96. Violation of the Truth in Lending Act is an unfair and deceptive practice as defined in Mass. Gen. L. c. 93A

97. Through its acts, defendants violated the federal Fair Credit Act

98. Violation of the Fair Credit Act is an unfair and deceptive practice as defined in Mass. Gen. L. c. 93A

99. Through its acts, defendants violated the Real Estate Settlement Practices Act

100. Violation of the Real Estate Settlement Practices Act is an unfair and deceptive practice as defined in Mass. Gen. L. c. 93A.

101. By its breach of contract, defendants engaged in an unfair and deceptive practice as defined in Mass. Gen. L. c. 93A

102. By its violation of the covenant of good faith and fair dealing, defendants engaged in unfair and deceptive practices as defined in Mass. Gen. L. c. 93A

103. For its violations of Mass. Gen. L. c. 93A, defendants are liable to plaintiffs for treble damages plus attorneys fees

WHEREFORE your petitioners pray

2.  For judgment against defendant

3.  For damages in the amount of $24,968 for Count I hereof ,

4.  For damages in the amount of $7,950 for Count II hereof

5.  For damages in the amount of $9,240 for Count III hereof

6.  For such other damages in an amount to be determined by this court

7.  For multiple damages as provided by Mass. Gen. L. c. 93A

8.  For attorneys fees and the costs of this action

9.  That this court permanently enjoin the defendants from the unfair and deceptive acts complained of

10. For such other and further relief as this court may deem just and proper

## Jury demand

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
James P. Spheekas
Laurie A. Spheekas

By their attorney.
William F. Smith
166 Kenoza Avenue
Haverhill, MA 01830
978-373-1290
BBO # 645188

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-891-D | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

| PLAINTIFF(S)<br>James P. Spheekas and Laurie A. Speekas | DEFENDANT(S)<br>Washington Mutual Bank FA<br>Washington Mutual Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>William F. Smith<br>166 Kenoza Ave.Haverhill, MA 978-373-1290<br>Board of Bar Overseers number: 645188 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Mortgage Note | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . Subtotal $. . . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

$. . . . . . . . . . . .

TOTAL $. . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

defendants failed to properly credit plaintiffs' mortgage payments, misapplied funds, failed to provide statements or explain charges and, in so doing, m engaged in unfair and deceptive acts in violation of law    **TOTAL $. 42,157.** . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules or Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 5/11/2004

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000





# The Commonwealth of Massachusetts
William Francis Galvin, Secretary of the Commonwealth
Corporations Division

Laurie Flynn, Director

August 4, 2004

# 200 4 - 891 - D

To Whom It May Concern:

This will advise that according to the records of this office, it appears that on August 4, 2004 at 10:55 a.m., process was served under the provisions of Chapter 156D of the General Laws, in the case of:

**James P. and Laurie A. Spheekas**
v.
**Washington Mutual Bank, F.A.**
**and Washington Mutual, Inc.**

returnable at **Essex Superior Court, Civil Action No. 04-891-D** within 20 days after service of this summons, exclusive of the day of service, and that on, **August 4, 2004**, notice and a copy of such process were forwarded pursuant to Chapter 156D of the General Laws to:

Washington Mutual, Inc.
1201 Third Avenue
Seattle, WA

Pauline Gunther
Service of Process Clerk

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

AUG - 6 2004

**CLERK**

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

One Ashburton Place, Room 1612 · Boston, Massachusetts 02108 · (617) 727-4919
www.state.ma.us/sec/cor

3

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                                SUPERIOR COURT
                                                                          CIVIL ACTION
                                                                          No. 04-591 D

James P. Spheekas and Laurie A. Spheekas
..................................................................................., Plaintiff(s)

v.

Washington Mutual Bank, FA and
..................................................................., Defendant(s)
Washington Mutual, Inc.

## SUMMONS

To the above named Defendant:  Washington Mutual, Inc.

You are hereby summoned and required to serve upon ___William F. Smith___ ,

plaintiff's attorney, whose address is ___166 Kenoza Ave. Haverhill, MA 01830___ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

*Lawrence Spencer Court*
*43 Appleton Way*
*Lawrence, MA 01840*_____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

A TRUE COPY, ATTEST
_[signature]_                    WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 30th
DEPUTY ASST. CLERK        day of ___Jul___ , in the year of our Lord two thousand

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

AUG - 9 2004

_[signature]_
CLERK

_[signature] Thomas H. Driscoll Jr._
                                                                                    *Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

4

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-891D

**James P. Spheekas and Laurie A. Spheekas** , Plaintiff(s)

v.

**Washington Mutual Bank, FA and**

**Washington Mutual, Inc.** , Defendant(s)

### SUMMONS

To the above named Defendant:    Washington Mutual Bank, FA

You are hereby summoned and required to serve upon ___William F. Smith___ ,

plaintiff's attorney, whose address is ___166 Kenoza Ave. Haverhill, MA  01830___ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

*Lawrence Superior Court*

*43 Appleton Way*

*Lawrence, MA 01840* either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

**A TRUE COPY, ATTEST**

*Paula F. Melvin*

**DEPUTY ASS'T. CLERK**

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 30th
day of July , in the year of our Lord two thousand

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

AUG - 9 2004

*Thomas H. Driscoll Jr.*

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

August 5, 2004

I hereby certify and return that on 8/4/2004 at 11:00AM I served two copies copy of the within Summons, Complaint and Cover Sheet, Letter, in this action together with $10.00 in fees, upon the within named Washington Mutual Bank, FA in the following manner (See Mass. R. Civ.P.4(d)): by leaving at the office of the Secretary of the Commonwealth for the Commonwealth the true and lawful attorney of the said corporation upon whom service of all lawful process may be made.Basic Service Fee (IH) ($30.00), Travel ($15.68), Postage and Handling ($1.00), Attest/Copies ($10.00) Total Charges $56.68

_Deputy Sheriff_

Deputy Sheriff Pierce Waltower, Jr.

Dated: _____ , 20 ____ .

N.B.　TO PROCESS SERVER:-
　　　PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
　　　THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

_____ , 20 ____

0401630

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-897-b

James P. Spheeku,
Laurie A. Spheeku
Plaintiff(s)

Washington Mutual, Inc
Washington Mutual Bank FA
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS
The Trial Court
Superior Court Department

Essex, ss.                                             No ES CV2004-00891-D

James Spheekas and Laurie Spheekas
Plaintiffs

v.

Washington Mutual Bank, FA and
Washington Mutual, Inc.,
Defendants

**Affidavit of Service**

Now comes William F. Smith, attorney for the plaintiffs in the above-captioned action
and states on his oath:

1. I have served a copy of the  Tracking Order of the court in the above referenced
   action by mailing by United States Express Mail no ED 286790476 US; upon Fay
   Chapman, Executive Vice President and General Counsel to the defendants.

2. Service of process in this matter was made by service upon the Secretary of the
   Commonwealth as the records of the secretary, examined by me, show no resident
   agent for the service of process within the Commonweath for the named
   defendants.

Signed under the pains and penalties of perjury this 9th day of August, 2004.


William F. Smith


FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

AUG - 9 2004


CLERK

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK





**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE ®

**Mailing Label**
Label 11-B, March 2004

**Post Office To Addressee**

ED 246790476 US

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
|---|---|---|---|
| Mo.   Day | | | |
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.   Day | | | |
| Delivery Date | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.   Day | | | |

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

☐ **WAIVER OF SIGNATURE** *(Domestic Mail Only)*
Additional merchandise insurance is void if customer requests waiver of signature. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

**NO DELIVERY**
☐ Weekend  ☐ Holiday    Mailer Signature

**ORIGIN (POSTAL SERVICE USE ONLY)**

| PO ZIP Code | Day of Delivery | Postage |
|---|---|---|
| | ☐ Next ☐ 2nd ☐ 2nd Del. Day | $ |
| | Scheduled Date of Delivery | Return Receipt Fee |
| Date Accepted | Month   Day | $ |
| | Scheduled Time of Delivery | COD Fee   Insurance Fee |
| Mo.   Day   Year | | |
| Time Accepted | ☐ Noon ☐ 3 PM | $      $ |
| ☐ AM | Military | Total Postage & Fees |
| ☐ PM | ☐ 2nd Day ☐ 3rd Day | $ |
| Flat Rate ☐ or Weight | Int'l Alpha Country Code | Acceptance Emp. Initials |
| lbs.   ozs. | | |

PRESS HARD. YOU ARE MAKING 3 COPIES.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

**EMS**

**FROM:** *(PLEASE PRINT)*   PHONE (   )

William F. Smith
ATTORNEY AT LAW
166 Keroza Ave
Haverhill, MA 01830

**TO:** *(PLEASE PRINT)*   PHONE (   )

Fay Chapman
Executive Vice President/Gen Counsel
Washington Mutual Inc
1201 Third Ave
Seattle, WA

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

9 8 1 0 1 +

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**A TRUE COPY, ATTEST**
_Pauline J. Melanca_
DEPUTY ASS'T. CLERK

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2004-00891**

Spheekas et al

vs.

Washington Mutual Bank FA et al

---

### ORDER OF TRANSFER (remand)

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

ORDER transferring/remanding case to United States District

Dated at Lawrence, Massachusetts this 8th day of September, 2004.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:...........................................
Deputy Assistant Clerk

Telephone: (978) 687-7463

**A TRUE COPY, ATTEST**

DEPUTY ASS'T. CLERK

cvdremandc_1.wpd 496314 ortracas melnickp

## ESCV2004-00891
## Spheekas et al v Washington Mutual Bank FA et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 05/12/2004 | Status | Disposed: transferred to other court (dtrans) | | |
| Status Date | 09/02/2004 | Session | D - Civil-CtRm 2 (Lawrence) | | |
| Origin | 1 | Case Type | A99 - Misc contract | | |
| Lead Case | | Track | F | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | 08/10/2004 | Answer | 10/09/2004 | Rule12/19/20 | 10/09/2004 |
| Rule 15 | 10/09/2004 | Discovery | 03/08/2005 | Rule 56 | 04/07/2005 |
| Final PTC | 05/07/2005 | Disposition | 07/06/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
James P Spheekas
6 Skybny Street
Haverhill, MA 01830
Active 05/12/2004

Private Counsel 645188
William F Smith
166 Kenoza Avenue
Haverhill, MA 01830
Phone: 978-373-1290
Active 05/12/2004 Notify

**Plaintiff**
Laurie A Spheekas
6 Skybny Street
Haverhill, MA 01830
Active 05/12/2004

*** See Attorney Information Above ***

**Defendant**
Washington Mutual Bank FA
1201 Third Avenue
Seattle, WA 98060
Served: 08/04/2004
Service indicated 08/09/2004

**Defendant**
Washington Mutual Inc
1201 Third Avenue
Seattle, WA 98060
Served: 08/04/2004
Service indicated 08/06/2004

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/12/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 05/12/2004 | | Origin 1, Type A99, Track F. |
| 08/06/2004 | 2.0 | SERVICE RETURNED: (certificate of Secretary of State): Washington |

case01 218060 y y y y y y

MAS-20031124
melnick
Case 1:04-cv-11855-RGS Commonwealth of Massachusetts 09/13/2004 Page 21 of 21
ESSEX SUPERIOR COURT
Case Summary
Civil Docket
09/08/2004
10:26 AM

## ESCV2004-00891
## Spheekas et al v Washington Mutual Bank FA et al

| Date | Paper | Text |
|------|-------|------|
| | 2.0 | Mutual Inc |
| 08/09/2004 | 3.0 | SERVICE RETURNED (summons): Washington Mutual Inc, service made on August 04, 2004 (by leaving at the office of the Secretary of the Commonwealth) |
| 08/09/2004 | 4.0 | SERVICE RETURNED (summons): Washington Mutual Bank FA, service made on August 04, 2004 (by leaving at the office of the Secretary of the Commonwealth) |
| 08/09/2004 | 5.0 | Affidavit of service by Attorney William F Smith |
| 09/02/2004 | 6.0 | Certified copy of Notice for Removal to the United States District Court filed by Washington Mutual Bank FA, Washington Mutual Inc |
| 09/02/2004 | 7.0 | ORDER transferring/remanding case to United States District |
| 09/02/2004 | | Case REMOVED this date to US District Court of Massachusetts |

## EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 05/12/2005 | Civil-CtRm 2 (Lawrence) | Status: Review Annual Fee | Event canceled not re-scheduled |