UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11855 RGS

| | |
|---|---|
| JAMES P. SPHEEKAS and ) | **JOINT MOTION TO** |
| LAURIE A. SPHEEKAS ) | **EXTEND SCHEDULING** |
|      Plaintiffs, ) | **ORDER DEADLINES** |
| ) | |
| v. ) | |
| WASHINGTON MUTUAL BANK, F.A. ) | |
| and WASHINGTON MUTUAL, INC., ) | |
|      Defendants. ) | |
| ) | |

     The plaintiffs, James P. Spheekas and Laurie A. Spheekas, and the defendants, Washington Mutual Bank, F.A. and Washington Mutual, Inc., hereby jointly move this Court to extend by six months the deadlines set forth in this Court's Electronic Clerk's Notes entered on March 24, 2005.

     As reasons for this motion, the parties state that:

     1.     The plaintiffs in this case obtained a mortgage loan from Washington Mutual in or about 1999.  They now assert claims against Washington Mutual in connection with this loan, alleging violations of the Fair Credit Reporting Act, 12 U.S.C. §1681 *et seq.*, The Truth In Lending Act, 15 U.S.C. §1601 *et seq*, and its implementing regulations at 12 C.F.R. Part 226, and the Real Estate Settlement Practices Act of 1974, 12 U.S.C. §2601-2617.

     2.     A Rule 16 Scheduling Conference was held in this case on March 14, 2005.   At this conference, the parties informed the Court that they were interested in resolving the matter but wished to conduct some discovery.  This Court established the following deadlines in this case, as reflected in the Electronic Clerk's Notes of March 24, 2005:

     March 31, 2005     Automatic discovery shall be completed

     April 2005     Case to be referred to ADR program

1

October 14, 2005        All discovery shall be completed

November 14, 2005      Dispositive motions shall be filed

December 14, 2005      Responses to dispositive motions shall be filed

3.    Pursuant to this schedule, the parties exchanged automatic disclosure.  In addition, plaintiffs provided documentation pertaining to their claimed damages.

4.    This case was referred to the Court's ADR program on May 11, 2005.  On June 24, 2005, this case was assigned a conference mediation date of July 20, 2005.  Due to scheduling conflicts, the mediation date was rescheduled to August 11, 2005.

5.    The parties attended the mediation conference before Magistrate Judge Dein on August 11, 2005.  At the mediation, it became apparent that there was a factual dispute regarding the number of payments that plaintiffs had made on the mortgage loan at issue in this case.  It was clear that this issue had to be resolved before settlement discussions could continue.  Accordingly, Judge Dein continued the mediation so that the parties could exchange information on this issue.

6.    The parties exchanged information as instructed by the Court.  According to the information provided by plaintiffs, however, approximately ten payments they claim they made were not credited by Washington Mutual.  In researching this issue, Washington Mutual has learned that these payments were made through the electronic payment service provided by plaintiffs' bank (Fleet National Bank, now Bank of America), and that these payments were processed by a third-party vendor.  The current third-party vendor is Checkfree.  Washington Mutual has learned that it initially rejected some of the payments recently made by plaintiffs through Checkfree because the payment was made to an incorrect loan number.  Washington Mutual is unable to determine whether any of the uncredited payments were rejected for this or any other reason, and does not know the identity of the third-party vendor that processed the

2

uncredited payments. Checkfree has informed Washington Mutual that it will not provide any additional information without an authorization from plaintiffs to disclose the information. Washington Mutual has requested this authorization from the plaintiffs, as well as the identity of the third-party vendor that processed the uncredited payments. Plaintiffs are currently considering this request and are attempting to obtain the requested information from their bank. Washington Mutual is unable to determine what happened to the uncredited payments unless it is allowed to communicate with the third-party vendor who processed the payments.

7.      In a Further Joint Motion to Continue Mediation, the parties informed the Court that they will continue to work diligently on this issue but cannot state with any certainty when it will be resolved, as information is required from third parties over whom the parties have no control. The parties further stated that they did not believe that it would be constructive to continue the mediation until the issue of the uncredited payments has been cleared up. This Court allowed the Further Joint Motion to Continue Mediation, and the parties will report to this Court by October 7, 2005 regarding the status of obtaining this information

7.      The parties are working cooperatively in an informal effort to provide discovery related to the uncredited payments and therefore have not conducted formal discovery in this case. However, the parties would like the opportunity to conduct discovery if this case does not settle. Therefore, the parties ask this Court to extend the discovery deadline, and the corresponding dispositive motion deadlines, by six months. This request would extend the deadlines by the amount of time this case has been in the Court's ADR program to date (May to October 2005).

8.      If this motion is allowed, the new deadlines for these events would be:

April 14, 2006          All discovery shall be completed

May 16, 2006           Dispositive motions shall be filed

3

June 16, 2006          Responses to dispositive motions shall be filed

9.     This Court's docket would not be affected by this extension, as no final pretrial conference or trial dates have yet been scheduled.

Conclusion

For the reasons set forth above, the parties ask this Court to extend the scheduling order deadlines by six months to the following dates: completion of discovery by April 14, 2006; filing of dispositive motions by May 16, 2006; and responses to dispositive motions by June 16, 2006.

Respectfully submitted:

| | |
|---|---|
| DEFENDANTS<br>WASHINGTON MUTUAL BANK, F.A.<br>and WASHINGTON MUTUAL, INC.<br>By: | PLAINTIFFS<br>JAMES SPHEEKAS and<br>LAURIE SPHEEKAS<br>By: |
| \_\_\_\_\_/s/ Carol E. Kamm_____<br>Donn A. Randall, BBO# 631590<br>Carol E. Kamm, BBO# 559252<br>Bulkley, Richardson and Gelinas, LLP<br>One Post Office Square, Suite 3700<br>Boston, MA  02109<br>Tel:  (617) 368-2500<br>Fax:  (617) 368-2525 | \_\_/s/ William F. Smith_____<br>William F. Smith<br>166 Kenoza Avenue<br>Haverhill, MA  01832<br>Tel:  (978) 373-1290<br>Fax:  (978) 373-1291 |

Date:  October 5, 2005